Paper No. 10
DEB

THIS DISPOSITION IS NOT
CITABLE AS PRECEDENT OF THE TTAB    JULY 18, 00

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

Trademark Trial and Appeal Board
_____

In re Taylor-Listug, Inc.
_____

Serial No. 75/391,440
_____

Peter K. Hahn of Luce Forward Hamilton & Scripps, LLP for
Taylor-Listug, Inc.

Andrew P. Baxley, Trademark Examining Attorney, Law Office 114
(Margaret Le, Managing Attorney).
_____

Before Quinn, Walters and Bucher, Administrative Trademark
Judges.

Opinion by Bucher, Administrative Trademark Judge:

An application has been filed by Taylor-Listug, Inc. to

register the mark "PRESENTATION SERIES" for "musical

instruments, namely, guitars."[1]

The Trademark Examining Attorney has refused registration

under Section 2(e)(1) of the Act, 15 U.S.C. 1052(e)(1), on the

ground that applicant's mark is merely descriptive of the goods

identified in the application.

---

[1]    Serial No. 75/391,440, in International Class 15, filed November
17, 1997, based on use of the mark in commerce, alleging dates of
first use and first use in commerce as of November 1995.

When the refusal was made final, applicant appealed. Both applicant and the Trademark Examining Attorney have filed briefs, but an oral hearing was not requested. We affirm the refusal to register.

The Trademark Examining Attorney maintains that the term "PRESENTATION SERIES" is merely descriptive because it " … immediately tells prospective purchasers that the applicant's goods are a series of guitars that is of such a quality that it is suitable for use in presentations." The Examining Attorney has submitted fifteen excerpts retrieved from the LEXIS®/NEXIS® database, which show, according to the Examining Attorney, that the word "presentation" is a recognized term of art for a public musical performance involving a guitar. We take judicial notice of a dictionary entry of the word "presentation" submitted with the Trademark Examining Attorney's appeal brief that lists the definition "A performance, as of a drama."[2] The Trademark Examining Attorney has referenced more than twenty federal registrations where the words "presentation" or "series" are disclaimed, asserting that this too demonstrates that each of these terms individually is descriptive. He contends further that when these two descriptive terms are combined, the mark as

---

[2]    Webster's II New College Dictionary 874 (1995).

a whole is merely descriptive of a quality of applicant's guitars.

In urging that the refusal be reversed, applicant contends that the word "presentation" is not used interchangeably with musical "performance" or "recital." Applicant lists a number of federal registrations for quite different goods where the word "performance" appears to be the primary source-indicating term for items applicant argues are much more closely tied to meetings, speeches and other public presentations than are guitars (e.g., for easels). Applicant argues that neither of these words directly or immediately conveys anything about guitars, and that even if the combined term suggests characteristics that applicant's goods possess, it does not do so with the requisite degree of particularity. Applicant goes on to contend that the term is a double entendre deserving of registration. Further, applicant criticizes the NEXIS® evidence relied upon by the Examining Attorney, contending that none of the uses show the combined term, "presentation series." In sum, according to applicant, the Trademark Examining Attorney has not demonstrated that this word combination is merely descriptive, and any doubt should be resolved in applicant's favor.

It is well settled that a term is considered to be merely descriptive of goods, within the meaning of Section 2(e)(1) of the Trademark Act, if it immediately describes an ingredient,

3

quality, characteristic or feature thereof or if it directly conveys information regarding the nature, function, purpose or use of the goods. *See In re Abcor Development Corp*., 588 F.2d 811, 200 USPQ 215, 217-18 (CCPA 1978). It is not necessary that a term describe all of the properties or functions of the goods in order for it to be considered to be merely descriptive thereof; rather, it is sufficient if the term describes a significant attribute or feature about them. Moreover, contrary to the gist of some of applicant's remarks,[3] whether a term is merely descriptive is determined not in the abstract but in relation to the very goods for which registration is sought. *In re Bright-Crest, Ltd*., 204 USPQ 591, 593 (TTAB 1979).

## The word "Series"

We begin our analysis by looking more closely at the word "series." Based upon the specimens of record, applicant's acoustic guitars are marketed in several "series." Applicant apparently makes a mumber of production lines of guitars, ranging from its "400 Series" to the series of interest to us, the "Presentation Series."[4] As these different series are

---

[3]     "No one would have any clue what was offered if they were offered a 'presentation series.' They would need to be told or shown it was a guitar. This is the ultimate proof of the non-descriptiveness of the applied for mark…" (Applicant's reply brief, p. 4)

[4]     Applicant's groupings include: "400 Series," "500 Series," "600 Series," "700 Series," "800 Series," "900 Series," "Presentation Series," and the "Acoustic Bass Series."

4

likely to indicate different product characteristics, this type of usage of the word "Series" fits the dictionary definition meaning "… a group of objects related by … configurational characteristics."[5]

### The word "Presentation"

We turn next to the word "presentation."[6]  In the dictionary definition submitted by the Trademark Examining Attorney, he has highlighted the noun form of this word meaning "a performance." While this entry does provide "drama" as an example of such a performance, such should not be read as precluding a musical performance.  Hence, we deem the word "presentation" in this context to be broad enough to include a guitar performance.

From the dictionary definition of "presentation" submitted by applicant, we note that the first entry is that of "the act

---

[5]    Webster's II New College Dictionary 1009 (1995).  Again, although not submitted until the time of the Trademark Examining Attorney's appeal brief, we take judicial notice of this dictionary entry of the word "series."

[6]    Applicant and the Trademark Examining Attorney both cite to third-party federal trademark registrations containing the word "Presentation."  Applicant emphasizes those where the word "Presentation" seems to serve a source-indicating function within a composite mark but is not disclaimed.  By contrast, the Trademark Examining Attorney submitted examples of registrations where the word "Presentation" was disclaimed.  However, none of these were for musical instruments, or indeed, for any other goods or services remotely related to guitars.  We find that the treatment of the word "Presentation" by the Office in years past for unrelated items (e.g., aids for public speaking, training seminars, meetings in hospitality suites, computer and multi-media graphics, goods used in merchandising and sales), to be largely irrelevant to our current determination.

of presenting," and a later entry is "an immediate object of perception … ."

In turning to the LEXIS/NEXIS evidence, we agree with applicant that nowhere in these fifteen entries from the NEXIS database do we see the combined phrase "presentation series." However, these excerpts do confirm that the several meanings we have observed from the dictionary entries for the word "presentation" are not at all foreign to musicians or those reviewing musical performances.

The first type of NEXIS® usage puts one in mind of "the act of presenting" or "an immediate object of perception." These uses seem to stress the importance of "presentation" -- the fine nuances of a performance, which includes the visual complexities of the stage, body language and communications with the audience, or the blending of vocal sounds with a variety of instruments. The following entries fit that meaning:

> The music has been arranged for orchestra, with Griffith playing guitar and singing as part of the *presentation*. *Los Angeles Times*, June 30, 1998, p. F-1.

> Musical *presentation* ranges from one voice with guitar to a contemporary group like Los Tigres del Norte… *Los Angeles Time*, June 23, 1998, p. F-6.

> The Brothers Four have an all-acoustic *presentation* of songs and stories, using guitars, banjo, mandolin, upright bass and the rich blend of their four voices… *The Indianapolis News*, April 4, 1998, p. W04.

> Singer Thom Yorke has lead the Brit band to multidimensional sound that packs layers of edgy guitars and moaning vocals into an enthralling *presentation*. *St. Petersburg Times*, February 25, 1998, p. 1D.

Other entries use the word "presentation" as a synonym for the word "performance," in the manner argued by the Trademark Examining Attorney. The stories seem to run the gamut from massive, stadium-sized rock concerts to cozy settings involving a single classical guitar:

> …[T]he shows will be more laid-back than local fans have seen before. There won't be any electric guitars and the stage *presentation* will be toned down. The band leader's vocals and acoustic guitar will be joined by a second acoustic guitar… *The Plain Dealer*, May 1, 1998, p. 16.

> The venerable institution … was moving ahead last night with its *presentation* of the Los Angeles Guitar Quartet… *The Tennessean*, April 18, 1998, p. 6A.

> In the lively, audience-friendly *presentation*, Nixon and Williford use guitar and harmonica to explain the African-American roots of the blues and how the music developed into what they call the only true American art form. *The Tennessean*, March 23, 1998, p. 4B.

> 'Ultimo Carito,' a *presentation* of his Latin guitar heritage… *Vero Beach Press Journal*, March 16, 1998, p. C3.

Whichever usage one chooses, both appear to make the word "presentation" descriptive for guitars having features and/or characteristics which are particular to instruments used in a

7

guitar performance or "presentation."  Accordingly, we find the word "presentation" by itself to be descriptive of acoustical guitars, and conclude that others associated with these musical instruments (e.g., guitar makers, dealers, resellers and performers) should all have the right to use such a descriptive term in designating their top-end guitars in much the same way.

### The combined term "Presentation Series"

Applicant argues that the Trademark Examining Attorney has improperly dissected this mark in reaching a result of descriptiveness.  However, we conclude that applicant has merely combined two ordinary words having readily understood connotations applicable to these goods.  We agree with the Trademark Examining Attorney that applicant has tried unsuccessfully to create a source indicator out of words infused with no new meaning when combined in this fashion.  Applicant has adopted the term "PRESENTATION SERIES" and used it in conjunction with what are probably "presentation grade" guitars. Inasmuch as these instruments all have several common characteristics, applicant has conveniently grouped them into yet another of its "series."

Certainly, we recognize that common, ordinary words can be combined in a novel or unique way and thereby achieve a degree of protection denied to words when used separately.  In this

8

vein, applicant argues throughout the prosecution of this application that this combined term ("Presentation Series") cannot be found to be merely descriptive because it involves a double entendre.  However, nowhere does applicant explain why this combined phrase involves a double entendre, and it is still not clear to us what new double or incongruous meaning applicant alleges to have created in adopting this specific formulation. We have noted that the word "presentation" may be understood by some to be a synonym for "performance," while for others it may be understood to be a reference to a combination of intangible factors characterizing such a performance.  However, we conclude that both are similar in meaning and usage, they seem to be closely related concepts, and the word "presentation" remains descriptive for these guitars irrespective of which definition one might choose.  In short, the term "PRESENTATION SERIES" does not require imagination, thought and perception to reach a conclusion as to the nature of the guitars to which the mark is applied, and therefore it cannot be considered a suggestive term.

Accordingly, as argued by the Trademark Examining Attorney, when this mark is considered as a whole, we find that the mark's meaning would be that shown by the dictionary entries and NEXIS® articles -- that is, as a group of guitars having specific features making them ideal for public performances.

9

Decision:  The refusal to register is affirmed.

T. J. Quinn

C. E. Walters

D. E. Bucher

Administrative Trademark
Judges, Trademark Trial and
Appeal Board